Karen A. Confoy
Jeffrey M. Pollock
Paul W. Kalish
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ  08648
Tel:  (609) 896-3600
Fax:  (609) 896-1469
kconfoy@foxrothschild.com
*Attorneys for Plaintiffs Raymond Lamar Brown,*
*John Clark, Desmond Rodgers, Todd Ford, Jr.,*
*Carlos Soler and others Similarly Situated*
*at the Cumberland County Jail*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND LAMAR BROWN, JOHN CLARK, DESMOND RODGERS, TODD FORD, JR. AND CARLOS SOLER, individually and on behalf of others similarly situated<br><br>                    Plaintiffs<br><br>v.<br><br>CHARLES WARREN, in his official capacity as Warden, Cumberland County Dep't. Corrections and CUMBERLAND COUNTY NEW JERSEY<br><br>                    Defendants. | Civil Action<br><br>1:20-cv-7907-NLH-KMW<br><br><br>**CONSENT ORDER FOR APPOINTMENT OF A FEDERAL RULE 53 MASTER AND OTHER RELIEF** |

This matter comes before the Court upon its entry of an Order to Show Cause [Dkt. No. 47], initiated by Plaintiffs, individually and on behalf of the class of

similarly situated present and future detainees in the Cumberland County Jail ("Jail"), by counsel Fox Rothschild LLP, seeking injunctive relief related to conditions in the Jail as they related to COVID-19. The Court conducted an evidentiary hearing on April 20, 21, 22, 26, 27, 29, 30, May 3 and 4, 2021, hearing testimony and taking evidence by and on behalf of Plaintiffs and Defendants. Following the conclusion of the hearing, Plaintiffs, individually and on behalf of the proposed class of all present and future detainees in the Cumberland County Jail, by counsel, and Defendants, through counsel, Zeff Law Firm, LLC, agreed to amend the case caption to name Carlos Soler as a plaintiff and Cumberland County New Jersey as a defendant, and agreed to resolve this matter as a class action and agreed to the appointment of a Master under Federal Rule of Civil Procedure 53 to make findings and to report and make recommendations to the Court concerning the conditions at the Cumberland County Jail regarding COVID-19. The Court accepted the agreements on the record on May 6, 2021.

NOW THEREFORE, having considered the agreement of the parties and having found that all members of the described class face the same or similar exposure to COVID-19 in the Jail, seek the means to take reasonable precautions against the spread of the virus and receive an appropriate level of treatment and care, suffer from substantially the same effects of COVID-19 exposure, and seek the same relief, and having further found that the proposed class meets the requirements of:

numerosity and that joinder of claims is impractical; commonality, as all members of the class allege the same injury as a result of Defendants' failure to implement and/or enforce policies to respond to the spread of COVID-19 and that Defendants' response to the COVID-19 pandemic systemically affects all proposed class members; typicality, each member of the class is or will be in Defendants' custody and Plaintiffs' claims arise from the same policies and procedures (or lack thereof) that provide the basis for all proposed class members' claims; and that Raymond Lamar Brown, John Clark, Todd Ford, Jr. and Carlos Soler are adequate class representatives and will fairly and adequately represent the interest of the class and understand the responsibilities of a representative moving forward, and, the Court having determined to exercise its discretion under Federal Rule of Civil Procedure 53 to appoint a Master to make findings and report and make recommendations to the Court in aid of enforcement of the agreement and as hereinafter described,

IT IS on this 13th day of May, 2021 ORDERED:

1. The Amended Complaint [Dkt. 43] is further amended to add Carlos Soler as a named Plaintiff and to identify Cumberland County New Jersey as a Defendant. The case caption is amended as follows:

| RAYMOND LAMAR BROWN, JOHN CLARK, DESMOND RODGERS, TODD FORD, JR. AND CARLOS SOLER, individually and on behalf of others similarly situated, | Civil Action<br><br>1:20-cv-7907-NLH-KMW |
|---|---|

|  |  |
|---|---|
| Plaintiffs<br><br>v.<br><br>CHARLES WARREN, in his official capacity as Warden, Cumberland County Dep't. Corrections and CUMBERLAND COUNTY NEW JERSEY<br><br>Defendants. |  |

2. All relief entered in the within Order shall be in the form of class relief.

3. A Master will be appointed under Federal Rule of Civil Procedure 53 to act in accordance with the terms of the within Order.

4. That within five (5) business days of entry of this Order, the parties shall either identify the person the parties agree will serve as Master, together with the agreed upon fee to be charged if appointed as Master or, if the parties cannot agree on an individual, each party shall submit the name of one person together with the agreed upon fee to be charged if appointed as Master and the Court shall, in its discretion, appoint as Master either one of the individuals named by the parties.

5. All fees and costs incurred by the Master in connection with all services rendered in connection with this appointment shall be invoiced to and paid by Cumberland County.

6. Within forty-five (45) days from the appointment of the Master, the Master shall file a report to the parties and Court containing findings and

recommendations ("Initial Report") regarding the adequacy of COVID-19 protections and procedures at the Cumberland County Jail. Subject to further agreement of the parties as may be Ordered by the Court, the Master shall consider and file its Initial Report about COVID-19 testing, COVID-19 contact tracing of all Jail inmates and staff, quarantining and isolation practices, including ventilation of designated isolation and quarantine areas, the availability and sufficiency of hand sanitizer, masks and other personal protective equipment, and cleaning supplies, social distancing measures and recreation, and any other issues related to COVID-19 affecting the inmate population, as such may be identified by the Master.

7. Within five (5) business days of receipt of the Initial Report, each party shall have five (5) days to file a response, objection, or otherwise comply with the Initial Report. If the parties cannot agree on whether and how to remedy a deficiency identified in the Master's Initial Report, the Court shall resolve the issue in its discretion.

8. As part of the Initial Report the Master shall also review the Jail's policies, practices, procedures, guidelines and training as they relate to the Jail's response to COVID-19 for sufficiency. If the Master finds that any of the Jail's policies, practices, procedures, guidelines and training as written or as implemented are insufficient, the Master shall make recommendations to remedy the deficiencies. The Jail and Plaintiffs shall address the deficiency(ies) within thirty (30) days. If the

parties do not agree on a remedy, the Master's recommendation shall be submitted to the Court for entry as an Order.

9. After the Initial Report, the Master shall thereafter file a report with findings and recommendations ("Report No. ---"), if any, on a quarterly basis, or on a more frequent basis as the Master's discretion. Each party shall have five (5) business days of receipt of each Report to file a response, objection, or otherwise comply with the Report. If the parties cannot agree on whether and how to remedy a deficiency identified in the Master's Report(s), the Court shall resolve the issue in its discretion.

10. The Master shall have, with the exception of those times when security requires limiting access to the Jail's facilities, full, unfettered access to the Jail, Jail officials, Jail staff and correctional staff, all current and future detainees of the Jail in order to perform the Master's responsibilities. The Master may engage in *ex parte* communications in the discretion of the Master for the purposes of gathering all facts relevant to the Master's investigation. The Master shall, in the Master's discretion, create and maintain appropriate records of such communications and provide a record of any such communications to the Court in the Master's discretion or at the request of the Court.

11. Upon application of Defendants, with notice to Plaintiffs who shall have the right to object, the services of the Master shall be terminated at the discretion of the Court, by Order of dismissal with prejudice.

12. This Order resolves only the claim for injunctive relief and appointment of a special master as sought in the Amended Complaint in this class action, and does not adjudicate or resolve any other claim asserted in any other action or petition brought by any current or future member of the class or any other former detainee at the Cumberland Jail for monetary damages, nominal damages, *habeas corpus*, or individual injunctive relief not encompassed by the within Consent Order.

The undersigned hereby consent to form and entry of the within Order.

*/s/ Gregg L. Zeff*
Gregg L. Zeff, Esq.
Zeff Law Firm, LLC
100 Century Parkway Suite 160
Mount Laurel, NJ 08054
Attorneys for Defendants

*/s/ Jeffrey M. Pollock*
Jeffrey M. Pollock
Karen A. Confoy
Paul W. Kalish
Fox Rothschild LLP
997 Lenox Dr.
Lawrenceville, NJ 08648
Attorneys for Plaintiffs

_____/s Noel L. Hillman_____
Hon. Noel L. Hillman, U.S.D.J.