UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND LAMAR BROWN, JOHN CLARK, DESMOND ROGERS, TODD FORD, JR. and CARLOS SOLER, individually, and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES WARREN, in his official capacity as Warden, Cumberland County Department of Corrections, and CUMBERLAND COUNTY, NEW JERSEY,<br><br>Defendants. | 1:20-cv-7907-NLH-KMW<br><br><br><br><br><br>**ORDER** |

**HILLMAN**, District Judge

 WHEREAS, the Court issued a Consent Order on May 13, 2021 (ECF No. 126), which provided for the appointment of a Special Master pursuant to Fed. R. Civ. P. 53; and

 WHEREAS, the Court appointed William J. Hughes, Jr., Esquire as Special Master on May 21, 2021 (ECF No. 139), and tasked him with filing a report containing findings and recommendations regarding the adequacy of COVID-19 protections and procedures at the Cumberland County Jail; and

 WHEREAS, the Special Master filed a Partial Interim Report on June 15, 2021 (ECF No. 146-1), which included a series of

recommended policies related to the identification and quarantining of individuals who have contracted COVID-19; and

WHEREAS, the Special Master then filed a Second Partial Interim Report on August 4, 2021 (ECF No. 156-1), which included a series of further recommended policies regarding cleaning supplies and cleaning protocols at the Jail; and

WHEREAS, the Court issued an Order to Show Cause for why the Special Master's recommendations should not be adopted on July 23, 2021, and held a hearing to address those recommendations on August 5, 2021 (ECF No. 152); and

WHEREAS, at that hearing, counsel for both parties informed the Court that they did not have any objections to the adoption of the Special Master's recommendations in his Second Partial Interim Report, but that they did have concerns regarding the adoption of certain recommendations in the first Partial Interim Report; and

WHEREAS, the Court therefore informed the parties that it would adopt the recommendations made by the Special Master in his Second Partial Interim Report, with certain modifications made to the timeframe for implementation, and would hold a further hearing regarding the Jail's creation and implementation of a written COVID-19 policy and the potential implementation of the Special Master's recommendations from the first Partial Interim Report; and

WHEREAS, at the August 5, 2021, Order to Show Cause hearing, the parties raised additional concerns regarding ongoing discovery disputes related to the Court's oral Order, made in a hearing held in this case on May 25, 2021, directing Defendants to produce all documents and communications related to the May 11, 2021 "shakedown" event (see ECF No. 142 at 494);

THEREFORE,

IT IS HEREBY on this 6th day of August, 2021

ORDERED that the Court shall hold a hearing on Monday, August 16, 2021, at 2 p.m. in Courtroom 3A of the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, at which time Defendants shall produce a formal written policy, applicable to all employees, staff, and contractors, directly addressing the Cumberland County Jail's response to COVID-19, even if still in draft form; and it is further

ORDERED that at the August 16 hearing, the parties shall further show cause as to why the Court should not adopt the recommendations found in the Special Master's first Partial Interim Report, and why those recommended policies should not therefore be included in the Cumberland County Jail's written COVID-19 policy; and it is further

ORDERED that Defendant Warden Charles Warren and Jeffrey Brenner of Maragell, LLC shall attend the August 16 hearing in person; and it is further

ORDERED that the Court hereby adopts the recommendations made by the Special Master in his Second Partial Interim Report as follows:

- Cumberland County Jail must immediately cease from using Simple Green Original Cleaning Solution as a cleaning agent to protect against SARS-CoV-2;
- By 2 p.m. on August 16, 2021, Cumberland County Jail must identify and implement a disinfectant surface cleaner, effective against SARS-CoV-2;
- By 2 p.m. on August 16, 2021, Cumberland County Jail must provide secure lockers in each of the areas holding inmates that do not have secure closets to store cleaning supplies;
- By 2 p.m. on August 16, 2021, the Cumberland County Jail shall include in its written COVID-19 policy and implement the following policies:
    - A supervising corrections officer shall ensure daily that the secure storage lockers in each area are fully stocked with a set amount of cleaning supplies and personal protective equipment, which at a minimum must include:

- Masks;
- Hand-Sanitizer;
- Gloves;
- Surface Spray Disinfectant;
- Cleaning solution/disinfectant for floors and bathing areas;
- Anti-bacterial soap; and
- Clean rags;

o The supervising officer shall ensure that there are clean mop-heads;

o The supervising officer shall log each item placed/replaced/refilled in each locker daily;

o Dirty mop-heads and rags shall be cleaned at least three times per week;

o The corrections officer in charge of an area shall be responsible for dispensing cleaning supplies and personal protective equipment to the inmates;

o The corrections officer in charge of an area shall permit an inmate to use disinfectant surface spray for his or her cell for only so long as is required to spray and wipe his or her area (about 5 minutes);

o The corrections officer in charge of an area shall be responsible for ensuring that supplies are not wasted, hoarded, or otherwise misused by inmates.

- o The Watch Commander of each shift shall have a key to the storage closet containing the cleaning supplies and shall be responsible for obtaining additional cleaning supplies if Sgt. Ortiz (or other supervising officer responsible for the cleaning closet) is unavailable.  The Watch Commander shall log his or her entry into the closet and the items(s) taken.

At Camden, New Jersey

/s Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.