

MORRISTOWN NJ • NEW YORK NY • OCEAN CITY NJ • PRINCETON NJ
SAN JUAN PR • WESTBOROUGH MA • WILMINGTON DE

WILLIAM J. HUGHES, JR.
MEMBER, NJ, NY, PA AND DC BARS
DIRECT DIAL NO.: 973-889-4308
E-MAIL ADDRESS: WJHUGHES@PBNLAW.COM

September 4, 2021

**VIA EMAIL AND ECF**

Hon. Noel. L. Hillman
United States District Judge
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Courthouse and Federal Building
One John F. Gerry Plaza
401 Cooper Street
Camden, NJ  08101

      Re:    Brown, et. al v. Warren, et al, 20-cv-7907 (NLH)
              Second Partial Initial Report and Recommendation

Dear Judge Hillman:

      Pursuant to the Court's instruction during the August 18, 2021 hearing, attached please find a proposed Supplemental Order clarifying the Court's August 5, 2021 Order.  I am submitting this proposed Order to the Court in Microsoft Word format instead of a pdf format in case the Court desires to make any changes to it.

      I circulated a draft of the proposed Supplemental Order to the parties.  Mr. Zeff had no objection to the draft.  Ms. Confoy, on behalf of the plaintiffs, sent an email containing six (6) suggested changes.  I incorporated five (5) out of the six (6) suggested changes.

      The one suggested change that I did not adopt related to modifying when Supervisors at the jail are to ensure that adequate cleaning supplies are present.  In the original August 6, 2021 Order, the Court ordered:

> A supervising corrections officer shall ensure daily that the secure storage lockers in each area are fully stocked with a set amount of cleaning supplies and personal protective equipment. . . .

15 EAST 8TH STREET
OCEAN CITY, NJ  08226-3737
TELEPHONE (609) 439-4222
FAX (973) 538-5146
www.pbnlaw.com



The proposed Supplemental Order clarifies this section of the August 6, 2021 Order by directing that:

> . . . at least at the beginning of each day, a Supervisor shall be responsible for ensuring that all items required to be in each locker pursuant to the Court's August 6, 2021 Order are present by the Supervisor's actual placement or replacement of such items and denoting such actions in each locker's log book. . . .

Ms. Confoy's suggested change was to require a supervising corrections officer to refill the cleaning supplies at the beginning of each shift. This is a substantive change to the original Order which I was reluctant to make. Under the current system, corrections officers in charge of housing units have the ability and the responsibility to refill low and empty cleaning solution bottles. The proposed Order makes clear that these corrections officers are personally responsible for discharging that duty if the cleaning solution bottles are low or empty at any time after a supervisor ensures that they are filled at the beginning of the day.

Further, this provision of the proposed Order states that ". . . **at least** at the beginning of each day. . . ." The inclusion of the words "at least" was intentional. During my unannounced inspection of the Jail on August 18, 2021, I spoke to Capt. Joynes, who was very receptive to suggestions. He proposed that it might be possible to require a supervisor to ensure the status of the cleaning supplies at the beginning of each shift. I indicated to him that this would be preferable, but at a minimum, it must be done at the beginning of each day. The words "at least" were included to provide the Jail with the flexibility to require the checking of cleaning supplies at the beginning of each shift as well as the opportunity to impose this requirement on the Jail's own initiative.

The Court may want to consider adding the proviso requiring supervising officers to ensure that adequate cleaning supplies are present at the beginning of each shift rather than at the beginning of each day. My concern, however, is that this may send the message that corrections officers in charge of housing units bear less of a responsibility to ensure the cleanliness and health of the inmates and all those who work at the facility than the Administration and supervisors. This duty is imposed on all employees and contractors of the Jail, and I believe it was the Court's intention to impress upon everyone who works at the Jail that they are, indeed, personally responsible. I submit that the proposed Order sends this message while providing the Administration of the Jail with the flexibility to require more stringent standards than those contained in the proposed Order.

I am continuing to work with my team to complete the draft of the next Interim Report and Recommendation. As you are aware, the there has been an outbreak of COVID-19 at the facility, with nine (9) inmates testing positive from the men's dormitories. I and my team have been consulting with Warden Warren and his counsel to provide immediate



Hon. Noel. L. Hillman
September 4, 2021
Page 3

recommendations to reduce the risk of the spread of COVID-19 at the facility, and I have kept plaintiffs' counsel advised of the situation as well as our suggestions.  Although we have made significant progress on the next Initial Report and Recommendation, the latest developments may necessitate a request for a brief extension of the due date.

If you should have any questions or concerns, please do not hesitate to contact me.  I thank the Court and the parties for the trust and confidence that you have placed in me and my team.

Respectfully submitted,

Porzio, Bromberg & Newman, P.C.

WILLIAM J. HUGHES, JR.

cc: Jeffrey M. Pollock, Esq.
Gregg L. Zeff, Esq.

WJH
Attachment