

Fox Rothschild LLP
ATTORNEYS AT LAW

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel 609.896.3600 Fax 609.896.1469
WWW.FOXROTHSCHILD.COM

KAREN A. CONFOY
Direct No: 609.844.3033
Email: KConfoy@FoxRothschild.com

October 21, 2021

**VIA ECF**

The Honorable Noel L. Hillman, U.S.D.J.
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**Re: Raymond Lamar Brown, et al. v. Charles Warren, et al.**
**Case No. 20-cv-7907-NLH-AMD**

Dear Judge Hillman,

We write in response to Mr. Zeff's October 19, 2021 letter (ECF No. 236) requesting an adjournment of the proceedings in this matter. Given Defendants' multiple and unending parade of delays, we object. Our clients have been exposed to COVID-19 for months and we must take steps to protect them. That said, there are two additional roadblocks to bringing this matter to a conclusion. First, the Jail to this day does not have a COVID-19 policy. Second, we need the evidence Defendants were required to produce months ago regarding the May 2021 retaliation hearings.[1]

1. **Compliance with the Court's Orders for Implementation of COVID-19 Policies**

Defendants clearly feel no urgency to act on the Court's Orders, or to take necessary and appropriate actions in the interest of the Plaintiffs' safety while detained in the Jail. Even though we are months removed from the May 13, 2021 entry of the Consent Order (ECF No. 126) and the Court's August 6, 2021 (ECF No. 159) and September 7, 2021 (ECF No. 183) Orders (entered on consent) directing Defendants to comply with the interim recommendations of the Rule 53 Master, Defendants do not have a COVID-19 policy in place and continue to be in violation of the Court's Orders. Defendants remain blatantly indifferent to Plaintiffs' rights, so

[1] We have not received any further information from Mr. Zeff about the status of the alleged conflict situation to which he referred in his letter, and, given that he stated that his firm continues to work on this case, we are not addressing that issue in this letter.

A Pennsylvania Limited Liability Partnership

California Colorado Delaware District of Columbia Florida Georgia Illinois Minnesota Nevada
New Jersey New York North Carolina Pennsylvania South Carolina Texas Virginia Washington



it remains critical for Plaintiffs to pursue implementation of policies to ensure that their constitutionally guaranteed rights are protected.[2]

We ask that the Defendants be ordered to provide the Court with the COVID-19 Policy no later than 2 p.m. on November 2, 2021, which is the next scheduled hearing date. The new Warden, Eugene Caldwell, II, if he has not already been made aware of the Court's Orders and the Master's recommendations, certainly can be prepared to present the Jail's policy to the Court on that date. We respectfully submit that Mr. Caldwell's unspecified election day duties are not cause for him to be excused from this court appearance.[3]

We believe that the testimony of CFG on the development and implementation of health and safety policies, as well as with other related issues, *e.g.* the availability of physicians in the Jail to order COVID-19 testing, is also important. On October 7, 2021, we subpoenaed CFG to appear on November 2nd. CFG is producing documents in response to subpoena, but has requested an extension through October 27th. Until we see the production, we will not know whether we will ask to delay the testimony until November 3, 2021 or until a later date after we have the opportunity to depose a witness from CFG.

In addition, in connection with the Court's consideration of the Jail's COVID-19 policies, we ask that the Court enter an order to enforce the sanctions previously imposed against Defendants for failure to comply with the Court's Orders be enforced (*see* 9/15/2021 Tr. at 88:8-21 regarding failure to fill and place lockers by 2 p.m. on August 16th)[4]; and, a final deadline by which Defendants must implement or suffer additional daily sanctions until they implement, a detailed, comprehensive COVID-19 policy containing the health and safety measures, including

---

[2] During the October 1st hearing the Court indicated it would enter an order regarding the creation of Sgt. Zanes' timeline (Plaintiffs' Exhibit 59 at Brown Inmate Cert Hearing 14409) (*see* 10/1/2021 Tr. at 117:23-118:10, 125:10-15) offered by Defendants as proof of their compliance with the Court's Orders. We attach a proposed form of order for the Court's consideration.

[3] In addition, Mr. Zeff provides no reason why the hearing cannot be held on November 3rd, which the Court previously indicated may be available for a hearing in this matter (ECF No. 232).

[4] The Court granted Defendants' application to be further heard in connection with the sanctions imposed regarding logging every time an item was replaced, refilled or placed (*see* 9/15/2021 Tr. at 51:9-13). The decision on whether to impose those sanctions is pending.



protocols, procedures and recordkeeping for testing, quarantining, isolation, contact tracing, and response to known or suspected exposures of an inmate to the virus.[5]

**2. <u>Evidence of Retaliation and Related Evidence that Testimony and Evidence Offered by Defendants Concerning the May 11, 2021 Shakedown Were False</u>**

The second issue before the Court is whether the May 11, 2021 "shakedown" constituted retaliation, and the related issues of whether Defendants offered false testimony and false evidence during the May 19-20, 2021 hearing. As the Court has previously indicated, proceedings on the retaliation issue may proceed on a track separate from proceedings related to the Defendants' implementation of COVID-19 policies and protocols. However, even as we attempt to move forward with improving health and safety conditions within the Jail, the scope of issues related to the retaliation charges continues to expand, as evidence develops indicating that Defendants have attempted to cover up their conduct by evading and delaying discovery and the forensic analysis ordered by the Court.

The Court held the record on the retaliation charges open after the May 19th and 20th hearings pending Defendants' production of additional information concerning the shakedown and the preparation of the incident reports on the shakedown, and the forensic analysis of devices used to create the reports and transmit related communications. As the Court will recall, the forensic analysis was ordered in response to Plaintiffs' challenges to Defendants' evidence and testimony denying that the shakedown was retaliation and claiming that it was undertaken in the ordinary course. We have received the forensic analysis, "the Brenner Report," which not only incriminates the Defendants' witnesses, but also suggests that certain devices and information were withheld from Mr. Brenner which render the analysis and the Report incomplete.

Specifically, the Brenner Report establishes that Defendants' witnesses offered false testimony and false evidence during that hearing—most notably that the Joynes, Zanes and Ortiz reports were not drafted on May 11th (the day of the shakedown) in the ordinary course of business, but rather were prepared on May 13th and 14th after the Court set a teleconference for May 14th regarding the shakedown. The forensic analysis however also suggests and identifies sources of information (cell phones, computers and email accounts) that the forensic expert, Mr. Brenner,

[5] The Court's repeated urging that Defendants consider COVID-19 policies implemented by other correctional facilities and public entities continues to go unheeded. A draft COVID-19 Policy circulated by Mr. Zeff on October 8th, nearly four months after the Special Master made specific recommendations for such a policy (ECF No. 146-1), is extremely rough, includes vague and undefined terms, conflicting provisions and contains no clear instruction for identifying or managing COVID-19 in the Jail.

either chose not to, or was directed not to, analyze. We believe those other devices and accounts contain additional information about Defendants' conduct, in particular who directed Joynes, Zanes and Ortiz to create backdated memos and whether the May 11th shakedown was planned in advance. As we previously advised the Court, we have requested that Defendants have Mr. Brenner expand his analysis and supplement his report before the next hearing date. We have also requested that Defendants produce Mr. Brenner's complete file and that Defendants produce documents they continue to withhold without explanation.[6] Defendants have not responded to any of our requests. We raised these issues with the Court in our letter dated October 14, 2021 (ECF No. 235, filed under seal).

Because the issue of whether Defendants retaliated against Plaintiffs by conducting the shakedown continues to morph into more far-reaching concerns about Defendants' conduct, including falsification of evidence,[7] we request that hearings related to these issues be carried, as the Court's schedule permits. We believe that additional time is needed for us to receive and appropriately review the supplemental Brenner Report and conduct and complete related discovery, sufficiently in advance of a hearing so that the hearing may be conducted in the most efficient manner possible. We propose to meet and confer with Defendants on a schedule for Plaintiffs' production of all documents requested by Plaintiffs, including Mr. Brenner's complete file, a deadline by which Mr. Brenner will submit his supplemental report and a date on which we will depose Mr. Brenner. Following Mr. Brenner's deposition, we propose a further meet and confer to propose a schedule for briefing and a date in or about 30 days for hearing and argument.

---

[6] Many of the documents we have requested are attachments to relevant emails that were produced in the 6,000 pages of documents Defendants produced to us on October 8, which were previously produced to the Court. Each missing document has been identified for Defendants by reference to the Bates number of the communication to which the identified but missing document was attached.

[7] Defendants' further disregard of this Court and its Orders is evidenced by the violation of the Court's Sequestration Order covering witnesses testifying on May 19th and May 20th. The evidence of these matters is contained in Plaintiffs' Exhibit 70 which has been supplied to the Court.



Fox Rothschild LLP
ATTORNEYS AT LAW

The Honorable Noel L. Hillman, U.S.D.J.
October 21, 2021
Page 5

We are prepared to address all of these matters in more detail by conference at the Court's convenience if it would be of assistance to the Court.

Thank you for your consideration of these matters.

Respectfully submitted,

*/s/ Karen A. Confoy*

Karen A. Confoy

KAC:nmn

cc: All Counsel of Record (via ECF)