UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND LAMAR BROWN, JOHN CLARK, DESMOND ROGERS, TODD FORD, JR. and CARLOS SOLER, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EUGENE CALDWELL, in his official capacity as Warden, Cumberland County Department of Corrections, and CUMBERLAND COUNTY, NEW JERSEY, et al.,[1]<br><br>Defendants. | No. 20-cv-7907 (NLH) (AMD)<br><br>OPINION |

APPEARANCES:

Karen A. Confoy, Esq.
Paul W. Kalish, Esq.
Jeffrey M. Pollock, Esq.
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648

    Attorneys for Plaintiffs

---

[1] Defendant Charles Warren resigned from his position as the Warden of the Cumberland County Jail on September 20, 2021. ECF No. 205. The Court will direct the Clerk to substitute current Warden Eugene Caldwell for the claims against Defendant Warren in his official capacity only. Fed. R. Civ. P. 25(d).

```
Gregg L. Zeff, Esq.
Law Firm of Gregg L. Zeff
100 Century Parkway
Suite 305
Mt. Laurel, NJ 08054
```

    Attorneys for County Defendants

```
John-Paul Madden, Esq.
Madden & Madden
108 Kings Highway East, Suite 200
P.O. Box 210
Haddonfield, NJ 08033-0389
```

    Attorneys for Charles Warren

```
Michael L. Testa, Esq.
Testa Heck Testa & White, PA
424 Landis Avenue
Vineland, NJ 08360
```

    Attorneys for Loren Joynes

```
William J. Hughes, Jr., Esq.
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
```

    Special Master

<u>HILLMAN</u>, District Judge

    Plaintiffs are proceeding on a First Amended Complaint seeking injunctive relief, individually and on behalf of the class of similarly situated present and future detainees in the Cumberland County Jail ("Jail"), based on the conditions in the Jail as they relate to COVID-19.  ECF No. 43.

    On January 21, 2022, Plaintiffs filed a motion to supplement the First Amended Complaint.  ECF No. 305.

Defendants have not filed any opposition to the motion and the time to do so has expired.[2] Therefore, the Court will grant the unopposed motion to supplement the First Amended Complaint.

I.   BACKGROUND

As this matter has a long and procedurally complex history, of which the parties are well aware, the Court will limit its present discussion of the history to the information necessary to resolve the pending motion.

After filing the First Amended Complaint, Plaintiffs filed a motion for preliminary injunction addressing the Jail's failures in COVID-19 testing, protection, and quarantine and isolation procedures.  ECF No. 44.  The Court conducted an evidentiary hearing on April 20, 21, 22, 26, 27, 29, 30, May 3 and 4, 2021, at which time it heard testimony and took evidence by and on behalf of Plaintiffs and Defendants.  On May 6, 2021, the parties agreed to the appointment of a Special Master under Federal Rule of Civil Procedure 53 to make findings and to report and make recommendations to the Court concerning the conditions at the Jail regarding COVID-19.  ECF No. 126.  The

---

[2] Under the Clerk's schedule issued pursuant to L. Civ. R. 78.1(a), oppositions were due on February 8, 2022 for motions returnable on February 22, 2022.  At the hearing on January 31, 2022, the Court granted Defendants' oral request for a ten-day extension, which made their opposition due February 18, 2022. No opposition or request for a further extension has been submitted.

3

Court subsequently appointed William J. Hughes, Jr., to serve in that capacity.  ECF No. 131.

In their motion to supplement, Plaintiffs allege that former Jail Warden Charles Warren, Captain Loren Joynes, Sergeant Shane Zanes, and Sergeant Roberto Ortiz (collectively the "Officer Defendants") "coordinated and conducted a 'shakedown' in C-Pod" as retaliation on May 11, 2021.  ECF No. 305-1 at 4.  Plaintiffs allege corrections officers at the Jail "tossed" the cells in C-Pod and seized inmates' "extra supplies, including rags, cleaning solution, blankets, towels and cot mattresses" that had been kept "with the knowledge, assent, and express or implied permission of correctional officers staffing the unit . . . ."  ECF No. 305-2 at 9.  Defendants Joynes and Zanes allegedly took photographs during the shakedown, and Defendant Joynes sent some pictures of C-Pod and the seized items to Defendant Warren via text message.  Id. at 10.  Plaintiffs allege Defendants Joynes and Warren used their personal cell phones for this communication instead of phones officially issued by Cumberland County.  Id.

On May 13, 2021, Plaintiffs wrote to the Court and requested a conference on the matter.  ECF No. 128.  The Court issued a text order scheduling a conference for May 14, 2021.  ECF No. 129.  Plaintiffs allege that after County Counsel requested documentation about the shakedown from Defendant

4

Warren, Defendant Joynes texted Defendant Zanes: "'Type up a report from the C Pod shakedown and put it under my door.  The courts want to see our reports.  They complained and said w [sic] left them without sheets'."  ECF No. 305-2 at 12.  In a later exchange, Defendant Zanes asked Defendant Joynes "'What time did we start,'" to which Defendant Joynes responded "'🤷'".³  Id.  Plaintiffs allege that Defendant Zanes backdated his report to May 12, 2021, and incorrectly indicated that the shakedown occurred on May 12, 2021.  Id. at 13.  Plaintiffs further allege that Defendant Joynes "change[d] date on Defendant Zanes report to May 11 and incident date to May 11.  Defendant Joynes print[ed], but [did] not save, the edited report."  Id.  According to the proposed supplement, Defendant Ortiz "'created'" a report on May 14, 2021 at 8:11 a.m., which was then sent to Defendant Joynes from a scanner with a Cumberland County domain.  Id.  Defendant Joynes then sent Defendant Warren an email "containing Defendant Joynes incident report, Defendant Ortiz incident report, Defendant Zanes incident report (with May 11 dates), Martinez and Velez reports, three photos."  Id.

---

³ "The 'person shrugging emoji' can designate ignorance, indifference, self-acceptance, passive-aggression, annoyance, giving up, or not knowing what to make of something.  It could also be a visual form of the one-word response of indifference, 'whatever.'"  Person Shrugging Emoji, Dictionary.com, https://www.dictionary.com/e/emoji/person-shrugging-emoji (last visited Feb. 22, 2022).

5

The Court conducted evidentiary hearings on May 19 and 20, 2021. The Court issued an Order at the beginning of the hearing "directing that all witnesses in this proceeding be sequestered until such time as their testimony is complete . . . ." Tr. May 19, 2021 Hearing, ECF No. 140, 7:5-7 ("Sequestration Order"). Defendant Joynes appeared as a witness and represented through separate counsel that he understood the Sequestration Order. Id. 11:9-11. Plaintiffs allege that "[w]ithin an hour of the commencement of the hearing, Defendants Warren and Joynes began text messaging on their personal cellphones about the Plaintiffs' testimony, the testimony of Defendant Ortiz and other witnesses who were involved in the shakedown, the evidence, the Plaintiffs' attorney's areas of questioning, and rulings by the [Court]." ECF No. 305-2 at 14.

II. STANDARD OF REVIEW

Motions to amend a complaint are governed by Federal Rule of Civil Procedure 15(a). That rule provides that once a party has filed a responsive pleading to the complaint "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

6

party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, 434 F.3d 196, 204 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

III. DISCUSSION

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiffs now move to supplement the First Amended Complaint to include claims against the individual Officer Defendants for retaliation and civil conspiracy under 42 U.S.C. § 1985. ECF No. 305.

The Court concludes that there are no concerns that would prevent amendment. Plaintiffs have not unduly delayed in filing this request, nor is there any indication of bad faith or dilatory motive on their part. Neither the County Defendants nor the proposed Officer Defendants have filed opposition to the amendment.[4] Regardless, the Court notes that an objection based on prejudice to any defendant would be meritless as it has been known for quite some time that Plaintiffs were considering

---

[4] Defendant Warren and Defendant Joynes have obtained separate counsel. ECF Nos. 244, 254.

adding these claims.  Discovery regarding the shakedown and its aftermath are ongoing before this Court, and counsel for Defendant Warren and Defendant Joynes have been active participants in that process.

The Court also concludes supplementing the First Amended Complaint would not be futile.  The futility of a proposed amended pleading is evaluated under the same standard of legal sufficiency as a motion to dismiss under Rule 12(b)(6).  Travelers Indent. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

"A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks and

8

citations omitted). Accepting the facts alleged in the proposed supplement as true, this Court could reasonably infer that the Officer Defendants retaliated against Plaintiffs for participating in this civil action through the shakedown of C-Pod on May 11, 2021.

The Court could also make a reasonable inference from the alleged facts that the Officer Defendants conspired together to deter Plaintiffs from participating and testifying in this action, or to injure them for having attended or testified before this Court. See 42 U.S.C. § 1985(2). Accordingly, the Court will grant the motion to supplement the First Amended Complaint.

IV. CONCLUSION

The Court will grant the unopposed motion to supplement the First Amended Complaint. An appropriate order follows.


Dated: March 3, 2022            s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.