```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RAYMOND LAMAR BROWN, JOHN CLARK, DESMOND ROGERS, TODD FORD, JR. and CARLOS SOLER, individually, and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>EUGENE CALDWELL, in his official capacity as Warden, Cumberland County Department of Corrections, and CUMBERLAND COUNTY, NEW JERSEY, et al.,<br><br>    Defendants. | No. 20-cv-7907-NLH-AMD<br><br><br>OPINION |

**APPEARANCES:**

KAREN A. CONFOY, ESQ.
PAUL W. KALISH, ESQ.
JEFFREY M. POLLOCK, ESQ.
CANDICE E. IHEME, ESQ.
FOX ROTHSCHILD LLP
PRINCETON PIKE CORPORATE CENTER
997 LENOX DRIVE
LAWRENCEVILLE, NJ 08648

    *Counsel for Plaintiffs*

ANTHONY DAVID ZATKOS, JR, ESQ.
JOSEPH J. DEPALMA, ESQ.
SUSANA CRUZ HODGE, ESQ.
VICTOR A. AFANADOR, ESQ.
LITE DEPALMA GREENBERG & AFANADOR
570 BROAD STREET
SUITE 1201
NEWARK, NJ 07102

JOHN-PAUL MADDEN, ESQ.
MADDEN & MADDEN

1

```
108 KINGS HIGHWAY EAST, SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033-0389
```

*Counsel for Eugene Caldwell and Cumberland County,*

```
ANTHONY DAVID ZATKOS, JR, ESQ.
LITE DEPALMA GREENBERG & AFANADOR
570 BROAD STREET
SUITE 1201
NEWARK, NJ 07102

MARY LOU GARTY
THE GARTY LAW FIRM, LLC
712 EAST MAIN STREET
SUITE 2A
MOORESTOWN, NJ 08057
```

*Counsel for Shane Zanes*

```
ANTHONY DAVID ZATKOS, JR, ESQ.
LITE DEPALMA GREENBERG & AFANADOR
570 BROAD STREET
SUITE 1201
NEWARK, NJ 07102

KYLE DAVID WEINBERG
WILLIAM G. BLANEY, JR.
BLANEY, DONOHUE, KARAVAN, & WEINBERG, P.C.
2123 DUNE DRIVE
SUITE 11
AVALON, NJ 08202
```

*Counsel for Roberto Ortiz*

```
ANTHONY DAVID ZATKOS, JR, ESQ.
LITE DEPALMA GREENBERG & AFANADOR
570 BROAD STREET
SUITE 1201
NEWARK, NJ 07102

JOHN-PAUL MADDEN, ESQ.
MADDEN & MADDEN
108 KINGS HIGHWAY EAST, SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033-0389
```

*Counsel for Charles Warren*

ANTHONY DAVID ZATKOS, JR, ESQ.
LITE DEPALMA GREENBERG & AFANADOR
570 BROAD STREET
SUITE 1201
NEWARK, NJ 07102

MICHAEL L. TESTA, ESQ.
STEPHEN ERNEST PARREY
JUSTIN ROBERT WHITE
TESTA HECK TESTA & WHITE, PA
424 LANDIS AVENUE
VINELAND, NJ 08360

 *Counsel for Loren Joynes*

WILLIAM J. HUGHES, JR., ESQ.
PORZIO, BROMBERG & NEWMAN, P.C.
100 SOUTHGATE PARKWAY
P.O. BOX 1997
MORRISTOWN, NJ 07962-1997

 *Special Master*

**HILLMAN**, District Judge

 Before the Court is Defendants Cumberland County New Jersey and Eugene J. Caldwell II's Motion to Enforce the Settlement Agreement (ECF 484) and Motion to Stay Pending the Court's Determination on the County Defendants' Motion to Enforce a Settlement Agreement (ECF 499).  For the reasons expressed below both motions will be denied.

 **I. BACKGROUND**

 Because this matter has an extensive procedural history, and because the Court writes for the parties, the Court will

3

limit its explanation of the background to information specifically necessary to resolve the instant motion.

On March 30, 2023, Defendants Cumberland County New Jersey ("Cumberland County") and Eugene J. Caldwell II ("Caldwell") (collectively, the "County Defendants") filed a Motion to Enforce a Settlement ("Motion to Enforce") (ECF 484) and supporting brief (ECF 485). The County Defendants further filed a Motion to Stay Pending the Court's Determination on the County Defendants' Motion to Enforce a Settlement Agreement (ECF 499) and supporting brief (ECF 500) on April 21, 2023. (ECF 499). On May 1, 2023, Plaintiffs filed a response to both motions (ECF 504) and supporting declaration (ECF 505). On May 2, 2023, Defendant Shane Zanes filed a letter requesting to join in the Motion to Stay (ECF 506) and a letter requesting to join in the Motion to Enforce (ECF 508). Similarly, on May 3, 2023, Defendant Charles Warren filed letters seeking to join in the Motion to Enforce (ECF 510) and Motion to Stay (ECF 511). On May 4, 2023, Plaintiffs filed a letter objecting to Zanes' and Warren's notices of joinder in the motions, stating that "they were filed only after Plaintiffs filed their opposition to the County Defendants' motions, which noted that the individual Defendants had not yet participated in any settlement discussions with Plaintiffs, and also that the individual Defendants, who are the parties against whom the contempt motion

4

was filed, agreed to the schedule for the contempt motion and never previously requested a stay." (ECF 512). Finally, on May 8, 2023, Cumberland County and Caldwell filed their reply. (ECG 518).

## II.   LEGAL STANDARD

The law governing the enforcement of a settlement agreement holds that a settlement agreement between parties to a lawsuit is a contract like any other contract. Peskin v. Peskin, 638 A.2d 849, 856 (N.J. Super. Ct. App. Div. 1994) (citing Nolan v. Lee Ho, 577 A.2d 143, 146 (N.J. 1990)). "A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." U.S. v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997) (citing Weichert Co. Realtors v. Ryan, 608 A.2d 280, 284 (1992)). A contract is enforceable where the parties agree on all essential terms and "manifest an intention to be bound by those terms." Id. However, if the parties do not agree on one or more essential terms, courts generally find that the agreement is unenforceable. Id.

The party seeking to enforce the alleged settlement agreement has the burden of proving the existence of an valid contract. Id. Courts treat a motion to enforce settlement under the same standard as a motion for summary judgment because

5

the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement. Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991).

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Anderson, 477 U.S. at 256. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Id. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

## III. DISCUSSION

### a. Motion to Enforce

The County Defendants argue that "[t]he parties no longer disagree as to any of the unambiguous material terms" of the alleged settlement agreement. (ECF 485 at 15). They explain that the final modifications that Plaintiffs proposed were implemented and resolved all remaining material issues, and "what was left was a binding and enforceable agreement on the material terms to settle this case." (Id.). The County Defendants argue that the only remaining issues are Plaintiffs' applications for attorneys' fees and class representative awards, which "may readily be decided by the Court upon

7

Plaintiffs' application." (Id.). Moreover, the County Defendants advise that "the defendants have agreed to pay reasonable fees and incentive awards" and as such the only remaining question is actually narrower and the only disagreement is the *amount* of the attorneys' fees and incentive awards. (Id.). As for the terms that are in the alleged agreement, the County Defendants argue that Plaintiffs have not sought any changes to the COVID-19 Policy that is central to this litigation. (ECF 518 at 11).

Plaintiffs respond that they have not entered an agreement, as evidenced by their not signing the County Defendants' proffered agreement, the fact that the alleged agreement has not been presented to the members of the class, and their immediate response to the allegedly "final" agreement stating that they do not agree. (ECF 504 at 5, 8-9). Further, they argue that there are "open issues, including ongoing proceedings for contempt, and discovery pertaining to the Defendants' failure to disclose the illness and death of inmate Johanan Evans from COVID-19 during the preliminary injunction hearing." (Id. at 5). In addition, they explain that certain defendants have not been involved in any of the settlement discussions. (Id.).

Plaintiffs argue that under pertinent New Jersey law, there is no enforceable settlement agreement. First, they assert that because the County Defendants asked Plaintiffs to sign the

8

purported final settlement agreement, the lack of a signature on the alleged settlement agreement indicates that no agreement was reached. (ECF 504 at 10).

Second, they claim that there was no meeting of the minds sufficient to form an enforceable agreement as "[t]here are multiple unresolved issues about which the parties have not achieved a meeting of the minds." (Id. at 12). Specifically, Plaintiffs advise that the County Defendants have taken the position that the settlement should resolve all issues and the case should be dismissed in its entirety, which Plaintiffs' dispute as there are "ongoing court proceedings for contempt, and ongoing discovery of County Defendants' communications with their prior counsel related to the Evans/crime fraud issue." (Id.). In addition, Plaintiffs aver that the current draft settlement agreement includes proposed changes that were never discussed. (Id.).

Third, Plaintiffs advise that at this time they are unable to represent that the purported settlement agreement constitutes a fair, reasonable, or adequate settlement, as required for class settlement pursuant to Federal Rule of Civil Procedure 23. (ECF 13-14).

Finally, Plaintiffs dispute the County Defendants' position that the Prison Litigation Reform Act "precludes them from voluntarily paying attorneys' fees in any amount." (Id. at 15).

9

This Court focuses its analysis on Plaintiffs' argument that there has not been a meeting of the minds, as this is central to the question of whether a binding settlement agreement exists. See Martin v. Hoveround Corp., No. 10-3970, 2011 WL 742573, 2011 U.S. Dist. LEXIS 18800 (D.N.J. Feb. 24, 2011) (citation omitted) (quoting Lightman, 988 F. Supp. at 458) ("A settlement agreement is a binding contract that courts will not vacate absent compelling circumstances. But like any contract, it is only 'enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms.'").

It is apparent from the communications provided between the parties that there has not yet been an agreement. While the parties have apparently made progress on certain elements of a settlement agreement, there are outstanding issues. We look first to an email from Plaintiffs' counsel from March 10, 2023. (ECF 504-1 at 54). In this email, Plaintiffs' counsel provides edits on particular provisions of the working settlement agreement. (Id.). However, Plaintiffs' counsel notably does not limit its edits to the listed comments. (Id.) Instead, the email also indicates a continued question on fees, and requests further response to Plaintiffs' demand. (Id.). Moreover, Plaintiffs' counsel explicitly states, "we do expect a response to the fee demand before we engage in further discussions about

10

other terms of the Agreement." (Id.). This sentence indicates both that the fee demand is an ongoing issue that has not been agreed upon and that Plaintiffs intend to engage in further discussion on additional terms in the draft agreement.

On March 21, 2023, at 5:41 p.m. counsel for the County Defendants responds with "a final settlement agreement" and states: "On the merits, we have reached an agreement. The only issue left is your fee application. We reserve the right to challenge it." (Id. at 58). They then request that Plaintiffs execute the attached agreement. (Id.). That same day a 5:46 p.m., only five minutes later, Plaintiffs' counsel responds: "I disagree that we have a 'final settlement agreement.' . . . under no conditions do you have our agreement that this is agreed to." (Id. at 92). Plaintiffs' counsel expands upon this response on March 24, 2023, stating as follows:

> We do not accept your unilateral decision
> that the settlement will no longer include
> settlement of the attorneys' fees incurred
> outside the anticipated pro bono assignment,
> or the named plaintiffs' incentive awards.
> Your clients agreed to include these terms
> and their decision to renege is bad faith.
> We will not engage in further settlement
> discussions of any terms on any basis other
> than as previously agreed. Any
> representation that you made to any other
> party that Plaintiffs had agreed to the
> terms of agreement you circulated as 'final'
> must be corrected.

(Id. at 96).

11

It is clear from the communications provided that a full agreement has not been reached. There was never any indication from Plaintiffs that they were content with the drafted terms or with the agreement as written. Although Plaintiffs have not detailed every objection to the latest settlement agreement draft, they clearly indicated in their correspondence that there were additional terms that they wanted to discuss further. (See Id. at 54). Thus, the settlement correspondence reveals that discussions were incomplete at the time the County Defendants filed the instant motion.

The County Defendants take the position that the material terms of the agreement are all agreed upon and the question of the amount of fees and incentive awards can be addressed separately. However, even setting aside this dispute Plaintiffs have pointed to at least one material outstanding term. (ECF 485 at 10). "Where the parties do not agree on one or more essential terms, however, courts generally hold that the agreement is unenforceable." Lightman, 988 F. Supp. at 458. Plaintiffs explain that the alleged settlement agreement purports to resolve all issues. (ECF 504 at 12). They aver that they never agreed to that. (Id.). Rather, the question of the ongoing contempt proceedings and Evans/crime fraud issue remain. (Id.). Defendants accuse that "Plaintiffs' counsel never mentioned that a global settlement would not resolve the

12

Evans or contempt issues." (ECF 518 at 11). From the County Defendants' own representation, there does not appear to have been discussion on this point and accordingly does not appear to be a meeting of the minds as to whether the contempt issues would be resolved by the settlement. At the very least, there appears to be a disputed fact here, and as such the County Defendants have not carried their burden in seeking to enforce the alleged agreement. Because we have determined that there has not been a meeting of the minds on at least one essential term, we need not address Plaintiffs' additional arguments against enforcing the settlement agreement.

Moreover, while New Jersey public policy favors enforcing settlement agreements, we note that this is not an instance where a party agreed and then sought to get out of the terms they agreed upon. See Lightman, 988 F. Supp. at 465. Plaintiffs' immediate response to the County Defendants' proffer of a purportedly final settlement agreement was that they did not agree. (ECF 504-1 at 92). Plaintiffs responded within five minutes of receiving the allegedly final agreement. (Id.). The County Defendants cannot unilaterally determine that the settlement negotiations are complete. Because the settlement communications before this Court indicate that there has not been a meeting of the minds on all material terms, the Motion to Enforce will be denied.

13

### b. Motion to Stay

The County Defendants' Motion to Stay asks this Court to stay the case pending its decision on the Motion to Enforce. As this Opinion and the accompanying Order resolve the Motion to Enforce, there is no longer a need for a stay. Thus, the Motion to Stay will be denied as moot.

## IV. CONCLUSION

For the reasons expressed above, the County Defendants' Motion to Enforce and Motion to Stay will be denied.

An appropriate order will be entered.

Date: May 17, 2023                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.