UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND LAMAR BROWN, JOHN CLARK, DESMOND ROGERS, TODD FORD, JR. and CARLOS SOLER, individually, and on behalf of others similarly situated, | No. 20-cv-7907-NLH-AMD |
| | OPINION |
| Plaintiffs, | |
| v. | |
| EUGENE CALDWELL, in his official capacity as Warden, Cumberland County Department of Corrections, and CUMBERLAND COUNTY, NEW JERSEY, et al., | |
| Defendants. | |

APPEARANCES:

KAREN A. CONFOY, ESQ.
PAUL W. KALISH, ESQ.
JEFFREY M. POLLOCK, ESQ.
FOX ROTHSCHILD LLP
PRINCETON PIKE CORPORATE CENTER
997 LENOX DRIVE
LAWRENCEVILLE, NJ 08648

        *Counsel for Plaintiffs*

VICTOR A. AFANADOR
JOSEPH J. DEPALMA
SUSANA CRUZ HODGE
ANTHONY DAVID ZATKOS, JR
LITE DEPALMA GREENBERG & AFANADOR, LLC
570 BROAD STREET
SUITE 1201
NEWARK, NJ 07102

        *Counsel for County Defendants*

JOHN-PAUL MADDEN, ESQ.
MADDEN & MADDEN
108 KINGS HIGHWAY EAST, SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033-0389

    *Counsel for Charles Warren and Eugene Caldwell*

MARY LOU GARTY
THE GARTY LAW FIRM, LLC
712 EAST MAIN STREET
SUITE 2A
MOORESTOWN, NJ 08057

    *Counsel for Shane Zanes*

MICHAEL L. TESTA, ESQ.
TESTA HECK TESTA & WHITE, PA
424 LANDIS AVENUE
VINELAND, NJ 08360

    *Counsel for Loren Joynes*

WILLIAM J. HUGHES, JR., ESQ.
PORZIO, BROMBERG & NEWMAN, P.C.
100 SOUTHGATE PARKWAY
P.O. BOX 1997
MORRISTOWN, NJ 07962-1997

    *Special Master*

**<u>HILLMAN</u>**, District Judge

    Before the Court are two joint Motions to Seal.  For the reasons expressed below, the motions will be granted in part and denied in part.

### I.    <u>BACKGROUND</u>

    As this matter has a long and procedurally complex history of which the parties are aware, the Court will limit its present

discussion of the history to the information necessary to resolve the pending motions.

The first Motion to Seal pending before this Court relates to documents filed as part of briefing on a Motion to Enforce Settlement Agreement.  The Motion to Enforce (ECF 484) and supporting brief (ECF 485) were filed on March 30, 2023.  On April 21, 2023, Defendants also filed a Motion to Stay Pending the Court's Determination of the County Defendants' Motion to Enforce a Settlement Agreement (ECF 499) and supporting brief (ECF 500).  On May 1, 2023, Plaintiffs filed their response to both the Motion to Enforce and Motion to Stay (ECF 504) as well as a supporting declaration (ECF 505).  On May 8, 2023, Defendants filed their reply.  (ECF 518).  On May 17, 2023, this Court denied the Motion.  (ECF 521).  On June 22, 2023, the parties filed a joint Motion to Seal, seeking to have the filings related to this motion permanently sealed.  (ECF 554).

The second Motion to Seal pending before this Court was filed on August 17, 2023.  (ECF 571).  This Motion seeks to keep sealed or file redacted versions of documents filed related to a pending Motion for Contempt (ECF 491 and ECF 559).  (ECF 571-2 at ¶ 3).

Relevant to the history of sealing in this matter, the Honorable Ann Marie Donio, United States Magistrate Judge, issued an Order on October 26, 2023 resolving a third Motion to

Seal (ECF 584).  (ECF 592).  Throughout the history of this
case, an inordinate number of filings have been filed under
seal.  On July 5, 2023, this Court issued an Order to Show Cause
why many of these documents filed under seal without a clear
justification should not be unsealed.  (ECF 563).  In response,
the parties filed a joint Motion to Seal, setting forth
explanations for why certain of these documents should remain
sealed.  (ECF 584).  Judge Donio granted in part and denied in
part this Motion to Seal.  (ECF 592).  Many documents were
unsealed upon the agreement of the parties, and additional
documents were unsealed pursuant to Judge Donio's ruling.

This Court will now resolve the two Motions to Seal still
pending, which will resolve all the remaining temporary sealing
issues in this matter at present.

## II.  <u>MOTION TO SEAL STANDARD</u>

It is well-established that there is a "common law public
right of access to judicial proceedings on records."  <u>In re</u>
<u>Cendant Corp.</u>, 260 F.3d 183, 192 (3d Cir.) (citation omitted).
Ordinarily, documents filed with the Court or utilized in
connection with judicial proceedings are part of the public
record with a presumptive right of public access.  <u>Leucadia v.</u>
<u>Applied Extrusion Tech., Inc.</u>, 998 F.2d 157, 164 (3d Cir. 1993).
In some instances, "the strong common law presumption of access
must be balanced against the factors militating against access."

4

Id. at 165.  When a party files a motion to seal, that party
must demonstrate that good cause exists for protection of the
material at issue.  Securimetrics, Inc. v. Iridian Techs., Inc.,
2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).  A party
demonstrates good cause by making a "particularized showing that
disclosure will cause a 'clearly defined and serious injury to
the party seeking closure.'"  Id. (quoting Pansy v. Borough of
Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).  The threshold
for sealing is higher where the case involves a public entity or
official or a matter of public concern.  Pansy v. Borough of
Stroudsburg, 23 F.3d 772, 788 (3d Cir. 1994).

In this District, Local Civil Rule 5.3 governs motions to
seal or otherwise restrict public access to materials filed with
the Court and in judicial proceedings.  To place a docket entry
under seal, the Rule requires that the motion to seal must be
publicly filed and describe: "(a) the nature of the materials or
proceedings at issue, (b) the legitimate private or public
interests which warrant the relief sought, (c) the clearly
defined and serious injury that would result if the relief
sought is not granted, and (d) why a less restrictive
alternative to the relief sought is not available."  L. Civ. R.
5.3(c)(2).  The party moving to seal must submit a proposed
order that contains proposed findings of fact and conclusions of
law.  L. Civ. R. 5.3(c)(3).

The clear purpose of this rule is to place the burden on the parties to justify, under a rigorous standard, the sealing of materials that otherwise invoke the presumption of public access.  Sealing should be the overwhelming exception not the prevailing practice in courts funded by taxpayers.  The public has a right to know what goes on in the courts they pay for and the transparency inherent in that rule enhances public respect for the courts and aids in holding judges, attorneys and litigants to the high standards we expect them to uphold.

### III. **DISCUSSION**

#### a. **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

#### b. **Motion to Seal Settlement Related Filings**

In the first joint Motion to Seal (ECF 554), the parties review each filing and attachment related to the Motion to Enforce Settlement Agreement (ECF 484), setting out which include portions of or reference to confidential settlement communications.  The parties set out two key reasons that the filings should be permanently sealed.  First, they aver that "[b]ecause this information refers to confidential settlement communications, Plaintiffs and Defendants would suffer serious injury if it were to become available to the public.  Releasing this information to the public will jeopardize continuing

discussions."  (ECF 554-1 at ¶ 35).  Second, they state that "the communications concern negotiations over draft Jail policies, which if disclosed could create confusion in the mind of members of the Jail population, as well as the general public about what policies are actually in place in the Jail.  Further discussion about draft policies amongst the Jail population could be disruptive within the Jail."  (Id. at ¶ 36).

To this end, the parties seek to have the following documents remain sealed:

1.   Declaration of Joseph J. DePalma, Esq., in Support of Motion to Enforce a Settlement, and Exhibits A, B, D, E, and F (ECF 485-1);

2.   Memorandum of Law in Support of Defendants' Motion to Enforce a Settlement (ECF 485);

3.   Brief on Behalf of Plaintiffs in Opposition to County Defendants' Motion to Enforce a Settlement Motion for a Stay (ECF 504);

4.   Plaintiffs' Exhibits C, D, E, F, G, H, I, and J to the Brief on Behalf of Plaintiffs in Opposition to County Defendants' Motion to Enforce a Settlement and Motion for a Stay (ECF 504-1);

5.   Defendants' Reply Brief in Further Support of Motion to Enforce Settlement and Motion to Stay (ECF 518);

6.   Exhibits G and H to Declaration of Joseph J. DePalma, Esq., in Support of Motion to Enforce a Settlement (ECF 518-1).

The parties have advised that the following documents may be unsealed:

1.   Exhibit C to Declaration of Joseph J. DePalma, Esq., in Support of Motion to Enforce a Settlement (ECF 485-1);

2. Memorandum of Law in Support of Defendants' Motion to Stay (ECF 500);

3. Plaintiffs' Exhibits A, B, K, L, and M to the Brief on Behalf of Plaintiffs in Opposition to County Defendants' Motion to Enforce a Settlement and Motion for a Stay ECF (504-1);

4. Exhibit I to Declaration of Joseph J. DePalma, Esq., in Support of Motion to Enforce a Settlement (ECF 518-1).

First, the Parties describe the nature of the materials as "Confidential Information" that "reveals, contains, and/or reflects sensitive communications concerning ongoing settlement negotiations between Plaintiffs and the County Defendants." (ECF 554-2 at 2 ¶ 2).  This information is currently "unavailable to the public."  (Id.).  The nature of the materials here does not, in and of itself, require sealing. Although settlement agreements and negotiations are generally confidential, filing a settlement agreement with the Court risks that confidentiality.  "Any settlement agreement filed with the Court or incorporated into an order shall, absent an appropriate showing under federal law, be deemed a public record and available for public review."  L. Civ. R. 5.3(d)(2).

In considering the private interest factor under Local Civil Rule 5.3(c), the Court notes that the parties are presently engaged in continued settlement discussions.  The Parties aver that the information is presently unavailable to the public and "the parties have taken substantial efforts to

ensure that all such confidential information is maintained as confidential." (ECF 554-2 at 3). The Parties' conduct in maintaining confidentiality is relevant, and a party may have a significant privacy interest when it "would not have entered into the settlement agreement[ ] but for [an] assurance of confidentiality." See LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 222 (3d Cir. 2011) (emphasis in original).

However, the Third Circuit has stated that it is "more likely to require disclosure when 'a party benefitting from the order of confidentiality is a public entity or official,' or when the judicial record 'involves matters of legitimate public concern.'" Id. (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778, 788 (3d Cir. 1994)). In this regard, "'[c]ircumstances weighing against confidentiality exist when confidentiality is being sought over information important to public health and safety, and when the sharing of information among litigants would promote fairness and efficiency.'" Id. (quoting Pansy, 23 F.3d at 777). Here, this case is a matter of public interest and safety. How a society treats its prisoners is one measure of a just legal order.

That said, disclosure of a draft settlement agreement in this class action would not promote efficiency and other important principles inherent in the litigation process. Rather, it may distract from the ultimate agreement the parties

may enter into or the ultimate result of the proceedings.
Therefore, this factor weighs in favor of sealing at this time.

Moreover, in considering the public interest factor under
Local Civil Rule 5.3(c), the Court recognizes that "the public's
common law right of access to judicial proceedings and records
... 'is beyond dispute.'" Littlejohn v. Bic Corp., 851 F.2d
673, 677-78 (3d Cir. 1988) (quoting Publicker Indus., Inc. v.
Cohen, 733 F.2d 1059, 1066 (3d Cir. 1984)). The Parties argue
that it is in the public interest to "not burden[] litigants'
access to the Court by requiring public disclosure of
confidential information as a condition of litigating their
rights." (ECF 554-2 at 2-3 ¶ 4). The Parties aver that there
is no public interest that warrants disclosure. (Id.). The
Parties' arguments here are general and broad. In order to
establish good cause for sealing, the movants must demonstrate a
particularized reason for sealing. A general burden on
litigants and even a general public policy in favor of
settlement is not enough.

As the Third Circuit has stated, "'the court's approval of
a settlement or action on a motion are matters which the public
has the right to know about and evaluate.'" LEAP Sys., Inc. 638
F.3d at 220 (quoting Bank of Am. Nat'l Trust & Sav. Ass'n v.
Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986)).
"Thus, 'settlement documents can become part of the public

10

component of a trial' under either of two circumstances: (1) 'when a settlement is filed with a district court;' and (2) 'when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision.'" Id. (quoting Enprotech Corp. v. Renda, 983 F.2d 17, 20 (3d Cir. 1993)). Although "this presumption is not absolute and may be rebutted[,]" Tatum v. Chrysler Grp., LLC, No. 10-4269, 2013 WL 12152408, at *2 (D.N.J. Aug. 19, 2013) (noting that a "[c]ourt may deny public access to judicial records if a movant can show good cause for keeping documents under seal"), if parties "ask a judge to decide their dispute, the public should have access to the information forming the basis of the judge's decision unless shown good cause." Brock v. Vanguard Grp., No. 16-6281, 2017 WL 11507659, at *4 (E.D. Pa. July 27, 2017).

Here, the Parties did not seek the Court's assistance in interpreting the terms of the agreement, but instead sought the Court's assistance in determining if an agreement had been reached. Thus, the public interest in the proceedings does not necessarily extend to the substance of the settlement agreement. Therefore, while the Parties' argument that settlement agreements should remain confidential is broad, the particular facts of the Motion to Enforce here do not weigh against granting the Motion to Seal. This factor is neutral.

Turning to the injury factor of Local Civil Rule 5.3(c)(3), the Court may seal information upon a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'"  Securimetrics, Inc. v. Iridian Techs., Inc., No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (quoting Pansy, 23 F.3d at 786).  "'[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning[,]" will not suffice to seal a judicial record.  Id.  "[F]ailure to put forth a specific and clearly defined risk of injury is fatal to any motion to seal."  Reilly v. Vivint Solar, Nos. 18-12356, 16-9446, 2021 WL 248872, at *5 (D.N.J. Jan. 26, 2021) (rejecting as "conclusory" defendant's "assertion that the very nature of the information in question would put [Defendant] at [a] competitive disadvantage in the solar industry and cause financial harm" and stating that "[t]he allegedly obvious and inherent harm that would come from public access to these documents may be clear to Defendant, but it is not clear to the Court, and it is not the Court's duty to manufacture such an explanation on its own").

The Parties state that unsealing would cause "immediate harm to ongoing settlement discussions and a threat to the security of the Jail through disclosure of information related to the development of policies and procedures within the Jail." (ECF 554-2 at 3 ¶ 5).  Again, the Parties argument that

unsealing would harm the ongoing settlement negotiations is vague.  (ECF 554-1 at 7 ¶ 35).  That said, the Parties argument that making a draft settlement agreement or draft terms public may "create confusion in the mind of members of the Jail population, as well as the general public about what policies are actually in place in the Jail and further discussion about draft policies amongst the Jail population could be disruptive within the Jail" presents a specific injury that may result from unsealing the documents here.  (Id. at 7 ¶ 36).  The Court finds that this factor weighs in favor of at least continued sealing.

Finally, the Court considers under Local Civil Rule 5.3(c) whether less restrictive alternatives are available.  The Court finds that there are no less restrictive alternatives given that the documents the Parties have requested to remain sealed consist, in large part, of the material terms of the working settlement agreement, rendering redaction an ineffective alternative.  This factor, therefore, supports sealing of the settlement transcript.

Balancing the factors under Local Civil Rule 5.3(c), and having reviewed the documents outlined above, the Court finds that the Parties have met their burden of demonstrating that the proposed documents remain sealed at this time.  If the parties reach, or fail to reach, a final settlement, the Court may revisit this issue on its own motion or by motion by any person

or entity with standing to petition the Court.  To the extent
that certain documents and exhibits that will remain sealed are
filed in the same docket entry as other documents and exhibits
that are to be unsealed, this Court will order that redacted
versions of the full docket entries be filed.  This will be set
out further in this Court's corresponding order.  As for the
documents currently filed under temporary seal, but exempted
from the parties' request for permanent seal, such documents
will be unsealed.

      **c.** **Motion to Seal Filings Related to Motion for Contempt**

    In the parties' second pending Motion to Seal, the parties
seek to either maintain the seal or file redacted versions of
documents filed as part of the briefing for a Motion for
Contempt.  The parties aver that these documents include
"personal information with respect to inmates, personnel within
the jail, and other parties" including "dates of birth, social
security numbers, and personal phone numbers.  (ECF 571-2 at 3 ¶
2).  In addition, they state that the documents include
information about "inmates, including discipline records and
safety protocols at the Jail."  (Id. at 3 ¶ 3).  Finally, the
parties also argue that certain documents contain discussion
about draft policies that could cause confusion within the Jail
population.  (Id. at 6 ¶ 7).  This Court will address each of
these categories of documents in turn.

The parties request that the following documents be maintained under seal:

1.   Exhibit B to Letter from Karen A. Confoy (ECF 298 at 13-27);

2.   Letter from Special Master William Hughes (ECF 342);

3.   Fourth Report of Special Master (ECF 342-1);

4.   Letter from Plaintiffs re: Fourth Report of Special Master (ECF 348);

5.   Letter from Defendants re: Fourth Report of Special Master (ECF 349);

6.   Appendix H to Forensic Report (ECF 468-1);

7.   Exhibit 24 to Motion for Contempt (ECF 493).

The parties aver that the sensitive information in the following documents should be redacted:

1.   Exhibit A to Brief on Behalf of Defendant Shane Zanes, in Opposition to the Charge of Contempt of Court, Forensics Report (ECF 462-1);

2.   Defendant Warren's Response to Order to Show Cause (ECF 463);

3.   Exhibit A to Defendant Warren's Response to Order to Show Cause, Certification of Charles Warren (ECF 463-1);

4.   Plaintiffs' Response in Support of the Court's Order to Show Cause (ECF 464);

5.   Exhibit A to Roberto Ortiz' Response to Order to Show Cause, Forensic Report (ECF 465-1);

6.   Forensic Report (ECF 468);

7.   Appendix L to Forensic Report (ECF 468-2);

8.   Appendix S to Forensic Report (468-3);

9.   Exhibit 19 to Forensic Report (ECF 468-8);

10.   Exhibit B to Defendant Loren Joynes' Response to Order to Show Cause (ECF 469-1);

11.   Statement of Material Facts in Support of Motion for Contempt (ECF 492);

12.   Exhibit A to Defendant Shane Zanes' Brief in Opposition to Motion for Contempt, Forensic Report (ECF 514-3);

13.   Exhibit A to Defendant Roberto Ortiz's Brief in Opposition to Motion for Contempt, Forensic Report (ECF 515-1);

14.   Exhibit A to Defendant Loren Joynes' Brief in Opposition to Motion for Contempt (ECF 517-1).

The parties have advised that the following documents may be unsealed:

1.   Letter from Karen A. Confoy (ECF 235);

2.   Response in Opposition to Motion for Reconsideration (ECF 250);

3.   Letter from Karen A. Confoy (ECF 272);

4.   Letter from Gregg L. Zeff re transfers (ECF 273);

5.   Letter from Gregg L. Zeff re Policy Modification (ECF 306);

6.   Letter from Karen A. Confoy (ECF 309);

7.   Letter from Susana Cruz Hodge (ECF 363);

8.   Letter from William J. Hughes, Jr. re Status Conference (ECF 367);

9.   Fifth Report and Recommendation of the Special Master (ECF 367-1);

10.   Letter from Karen A. Confoy (ECF 385);

11.   Proposed Order (ECF 385-1);

12.    Letter from Susana Cruz Hodge (ECF 391);

13.    Letter from Karen A. Confoy (ECF 393);

14.    Letter from William J. Hughes, Jr. re Order (ECF 408);

15.    Sixth Report and Recommendation of the Special Master (ECF 408-1);

16.    Letter from Karen A. Confoy (ECF 409);

17.    Letter from Karen A. Confoy (ECF 414);

18.    Exhibit to Letter (ECF 415);

19.    Exhibit to Letter (ECF 415-1);

20.    Letter from Karen A. Confoy (ECF 440);

21.    Brief on Behalf of Defendant Zanes in response to Order to Show Cause (ECF 462);

22.    Response to Order to Show Cause by Roberto Ortiz (ECF 465);

23.    Plaintiffs' Response to Order to Show Cause (ECF 467);

24.    Exhibit 15 to Declaration (ECF 468-4);

25.    Exhibit 16 to Declaration (ECF 468-5);

26.    Exhibit 17 to Declaration (ECF 468-6);

27.    Exhibit 18 to Declaration (ECF 468-7);

28.    Exhibit 20 to Declaration (ECF 468-9);

29.    Response to Order to Show Cause by Loren Joynes (ECF 469);

30.    Exhibit A to Response to Order to Show Cause by Loren Joynes (ECF 469-1);

31.    Exhibit 27 (ECF 493-1);

32.   Brief in Support of Motion to Stay (ECF 500);

33.   Brief in Opposition to Motion for Contempt filed by Shane Zanes (ECF 514);

34.   Counterstatement of Facts (ECF 514-1);

35.   Proposed Order (ECF 514-2);

36.   Brief in Opposition to Motion for Contempt filed by Roberto Ortiz (ECF 515);

37.   Proposed Order (ECF 515-3);

38.   Brief in Opposition to Motion for Contempt filed by Loren Joynes (ECF 517).

This Court will first address the documents that the parties have flagged as including information about inmates that should be sealed.  This includes Exhibit B in ECF 298 (ECF 298 at 12-27), Exhibit S to the Forensic Report (ECF 468-3), and Exhibit 19 to the Forensic Report (ECF 468-8).  First, looking to the nature of these documents, they include inmate record reports (ECF 298 at 12-27), text messages between defendants that include pictures of cells and an inmate identification card (ECF 468-3), and inmate disciplinary reports (ECF 468-8).

In considering the private interest factors under Local Civil Rule 5.3(c), the inmates whose information is implicated have a private interest in maintaining the privacy of their personal information.

As for public interest factors, the parties cite to N.J.A.C. § 10A:31-6.10(b), which provides that "[a]n inmate shall not be permitted to inspect, examine or obtain copies of documents concerning any other inmate."  They argue that this statute supports their sealing request, as unsealing the group of documents here would make information about certain inmates public.  However, looking to the context of this regulation, it does not support the Parties' argument.

This provision is part of a regulation that sets out exceptions to the Open Public Records Act ("OPRA").  Discussing a similar provision at N.J.A.C. § 10A:22-2.3, the New Jersey Superior Court, Appellate Division found that the provision preventing inmates from accessing other inmates' records is "directed toward requests by inmates, under OPRA, to inspect or examine documents in the Department [of Correction]'s possession pertaining to fellow inmates" and "does not directly address possession by one inmate of documents pertaining to another." Kadonsky v. New Jersey Dep't of Corr., No. A-1399-12T4, 2015 WL 6558933, at *6-7 (N.J. Super. Ct. App. Div. Oct. 30, 2015). N.J.A.C. § 10A:31-6.10(b) is similarly targeted at precluding inmates from utilizing OPRA to obtain records about other inmates from the Department of Corrections.  It does not stand for the proposition that all inmate records filed with the court must be sealed.

Moreover, this is a case of public importance and a compelling public interest in information and documents filed. That said, the public does not have a significant interest in personal identifying information like phone numbers of parties and an identification card of an inmate that happened to be caught in a photo of a cell.

Turning to the injury factor, Courts have recognized the injury that follows from disclosure of personal identifying information. The parties also point to an injury to "institutional safety and security" implicated by disclosure of the incident and disciplinary reports. (ECF 571-1 at 35).

Finally, considering whether less restrictive alternatives are available, the Court notes that for two of these documents the Parties seek redaction. This is a less restrictive alternative to sealing. However, for Exhibit B to Letter from Karen A. Confoy (ECF 298 at 13-27) the Parties seek to seal and advise that "[r]edaction is not feasible; nearly all information contained therein would be redacted." (ECF 571-1 at 16).

Weighing these factors, the Court will rule on each of these documents individually. First, as to Exhibit B to Letter from Karen A. Confoy (ECF 298 at 12-27) and Exhibit 19 to the

Forensic Report (ECF 468-8)[1], the Court is not persuaded that it is impossible to redact the sensitive information from the exhibits.  The Court will grant the motion to seal to the extent that the unredacted versions will remain under seal, but the parties will be directed to meet and confer to agree upon redactions for the exhibits.  The redactions will keep the sensitive personal information private while balancing public access to judicial records.  As for Appendix S to Forensic Report, the proposed redactions balance the private and public interests and this Court will permit the documents to be filed in a redacted version as proposed, with the version currently on the docket maintained under seal.

This Court will next address a series of filings that were sealed pursuant to an Order of this Court.  This includes the Fourth Report of the Special Master and a series of related letters (ECF 342, ECF 342-1, ECF 348, ECF 349).  Consideration of any prior orders sealing the materials is a factor for the Court to consider under Local Civil Rule 5.3(c).  As the parties point out, these documents were filed under seal pursuant to an Order of this Court.  When Special Master Hughes filed his Fourth Report of Special Master, he requested that it be filed under seal pending further order of court.  (ECF 342).

---

[1] For Exhibit 19, the Parties seek to redact entire pages; however, the Parties are instructed to narrow this redaction and redact out only the sensitive information.

Accordingly, the Court issued an order, ordering that "the Special Master's Letter and Fourth Report, which have been filed under seal (ECF 342) shall remain under seal until further order of the Court." (ECF 344). The parties explain that Letter from Karen A. Confoy (ECF 348) and Letter from Susana Cruz Hodge (ECF 349) discuss substantively the content of the Letter and Special Master's Report. (ECF 342, ECF 342-1). Accordingly, the parties seek continued seal for these four documents.

In their briefing, the parties have not discussed any of the other Local Rule 5.3(c) factors. Upon this Court's own review, as with the other Special Master Reports, this Court does not find any further justification for sealing, if there ever was justification for sealing these documents in the first instance. This case is a matter of public concern implicating constitutional rights of pre-trial detainees, which presents a strong justification for unsealing.

Moreover, this Court notes that there is another entire case before it involving the issues presented in these documents. The documents here discuss a suicide that occurred within Cumberland County Jail. The inmate is not named; however, the documents do include reference to other inmates that provided information about what they witnessed related to this event. The related case, United States of America v. Cumberland County and Cumberland County Department of

22

Corrections, was initiated by complaint filed on May 17, 2023 at
1:23-cv-02655-NLH-AMD and the Court has approved a Final Consent
Order that lays out in painstaking detail an agreement to
improve mental health and other medical services to insure the
Cumberland County Jail meets its constitutional obligations.
See id., Complaint, ECF 1 (alleging a deprivation of
institutionalized persons' constitutional rights under the Eight
and Fourteenth Amendments caused by "a pattern or practice of
failing to screen and identify incarcerated persons at risk of
self-harm and suicide due to unmedicated opiate withdrawal,
failing to provide sufficient screening to identify incarcerated
persons at risk of self-harm or in need of mental health care
for a serious mental condition, and failing to provide
incarcerated persons with sufficient mental health care.") and
Consent Decree, ECF 18.

Further, in reaching the comprehensive settlement and
consent decree in that matter the parties disclosed an enormous
amount of information about particular suicides within
Cumberland County Jail and the conditions at the Jail, while
maintaining the privacy rights of the inmates by assigning
pseudonyms. The fact that the documents at issue in this matter
involve a matter of public concern that has already been largely
disclosed to the public in a related matter, weighs in favor of
unsealing. As noted above, there are inmate names and

identification numbers within the documents here.  Thus, the
Parties will be instructed to file redacted versions of these
documents removing the identifying information of the witnesses.
The documents will otherwise be unsealed.

The parties seek to keep sealed a document that the parties
aver set outs jail procedures.  This is Appendix H to the
Forensic Report (ECF 468-1).  The Parties define the materials
sought to be sealed, and explain that "Appendix H contains
confidential jail procedures for Fire Evacuations."  (ECF 571-1
at 31).  The Parties assert that the injury from unsealing this
document is "a threat to the security of the Jail through
disclosure of information related to policies and procedures
within the Jail."  (ECF 571-2 at 3).  The parties have presented
a private interest in maintaining safety within the jail,
weighing in favor of sealing.  As this case is not about fire
evacuation, and the document is not crucial to the understanding
of any issues in the case, the public interest in this document
is limited.  This factor is neutral.

Further, the parties defined the injury from disclosure as
a risk to safety within the Jail.  The presented injury weighs
in favor of sealing.  The Parties advised that redaction is not
feasible.  In this instance, the entirety of the document
presents the sensitive information, and as such there is no less
restrictive alternative.  Weighing the factors, the Court will

permit this document to be sealed.  Because this Appendix is
part of a filing on the docket that includes additional
documents that are not subject to sealing, the parties will be
instructed to file a version of ECF 468-1 with Appendix H
redacted.

The parties seek to keep sealed an exhibit to Plaintiff's
first Motion for Contempt that includes attorney fee
information.  This document, filed at ECF 493 and marked as
Exhibit 24 to ECF 491, is a record of costs and fees from
Plaintiffs' counsel related to this case (ECF 493).  The Parties
advise that "[t]he information was submitted only for the
Court's review at the Court's direction and not for public
review.  Plaintiffs would suffer serious injury if this
information were to become public information."  (ECF 571-1 at
41).  They further advise that there is no less restrictive
alternative.  (Id.).

The question of whether there is good cause to seal
attorneys' invoices depends on the substance of the invoices,
and whether the invoices include confidential, privileged, or
sensitive material.  Courts have limited what portions of
invoices should be redacted, finding that the hours, costs, and
fees do not constitute privileged information, while the
descriptions of each line item may include information
appropriately subject to redaction.  Argenbright Holdings IV,

LLC v. Gateway Security, Inc. et al., No. 22-00093, 2022 WL
20755426, at *3 (D.N.J. June 28, 2022).  The Parties further
aver that the work descriptions include information related to
settlement discussions, which are on-going.  The injuries
presented weigh in favor of sealing.  In addition, the Parties
have a private interest in maintaining the confidentiality of
their litigation approach and their internal processes.  The
public interest is limited where the use of this document is not
related to the substance of litigation, but rather to a question
of attorney's fees.  Overall, the factors weigh in favor of
sealing.  This Court will permit this document to remain sealed
subject to further review by the Court as appropriate.

The largest group of documents involved in this Motion to
Seal are documents that the parties agree can be available on
the docket in redacted form, redacting personal information.
Specifically, the personal information at issue in this set of
documents are personal phone numbers.  Specifically, for the
following documents the parties seek to file redacted versions,
redacting phone numbers: Exhibit A to Brief on Behalf of
Defendant Shane Zanes, in Opposition to the Charge of Contempt
of Court, Forensics Report (ECF 462-1); Plaintiffs' Response in
Support of the Court's Order to Show Cause (ECF 464); Exhibit A
to Roberto Ortiz' Response to Order to Show Cause, Forensic
Report (ECF 465-1); Forensic Report (ECF 468); Appendix L to

Forensic Report (ECF 468-2); Appendix S to Forensic Report (468-3)[2]; Exhibit B to Defendant Loren Joynes' Response to Order to Show Cause (ECF 469-1); Statement of Material Facts in Support of Motion for Contempt (ECF 492); Exhibit A to Defendant Shane Zanes' Brief in Opposition to Motion for Contempt, Forensic Report (ECF 514-3); Exhibit A to Defendant Roberto Ortiz's Brief in Opposition to Motion for Contempt, Forensic Report (ECF 515-1); Exhibit A to Defendant Loren Joynes' Brief in Opposition to Motion for Contempt (ECF 517-1).

The individuals have a private interest in the privacy of their phone numbers. L. CIV. R. 5.2(17) ("[W]hen making any electronic or Paper Filing with the Court that contains an individual's Social Security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial account number, a party or nonparty making the filing may include only: (1) the last four digits of the Social Security number and tax-identification number; (2) the last four digits of the financial account numbers; (3) the minor's initials; [or] (4) the year of the individual's birth[.]"); Bah v. Apple Inc., No. 20-15018, 2021 WL 4272829, at *3 (D.N.J. Sept. 21, 2021); Platt v. Freedom Mortg. Corp., No.

---

[2] This document was already addressed in the section about inmate information but is included here as well because there is also a phone number the Parties seek to redact.

10-968, 2013 WL 6499252, at *10 (D.N.J. Dec. 11, 2013).  This rule mirrors Federal Rule of Civil Procedure 5.2.

There is no countervailing public interest.  See Bah v. Apple Inc., No. 20-15018, 2021 WL 4272829, at *3 (D.N.J. Sept. 21, 2021).  Thus, both the private and public interest support sealing.  As for the injury factor, injury to an individual based on disclosure of their personal information is well established.  Accordingly, this factor also weighs in favor of sealing.  There is good cause to redact these phone numbers in order to protect personal information, and the redaction proposed is specifically targeted to this purpose and accordingly is the least restrictive means of accomplishing this goal.  As all the factors weigh in favor of redaction, redaction will be permitted as proposed for these documents.

There is one document amongst those the parties seek to redact that is currently filed on the public docket, without redaction.  (ECF 463-1).  This document is Exhibit A to Defendant Warren's Response to Order to Show Cause and is a Certification of Defendant Charles Warren.  It includes his phone number.

In general, the Court will not seal information or documents that have already been filed on the public docket; however, because there is no public interest in this phone number and the redaction is so narrowly tailored to the privacy

interest implicated, the Court will permit this document to be filed in its redacted form and will allow the current version to be sealed.

As for the documents currently filed under temporary seal, but exempted from the parties' request for permanent seal, such documents will be unsealed.

## IV.  **CONCLUSION**

For the reasons expressed above, the Motions to Seal will be granted in part and denied in part.

An appropriate Order will be entered.


Dated: November 31, 2023          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.