UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND LAMAR BROWN, JOHN CLARK, DESMOND ROGERS, TODD FORD, JR. and CARLOS SOLER, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br>v.<br>EUGENE CALDWELL, in his official capacity as Warden, Cumberland County Department of Corrections, and CUMBERLAND COUNTY, NEW JERSEY, et al.,<br><br>Defendants. | No. 20-cv-7907-NLH-AMD<br><br>**OPINION AND ORDER** |

APPEARANCES:

KAREN A. CONFOY, ESQ.
PAUL W. KALISH, ESQ.
JEFFREY M. POLLOCK, ESQ.
FOX ROTHSCHILD LLP
PRINCETON PIKE CORPORATE CENTER
997 LENOX DRIVE
LAWRENCEVILLE, NJ 08648

   *Counsel for Plaintiffs*

VICTOR A. AFANADOR
JOSEPH J. DEPALMA
SUSANA CRUZ HODGE
ANTHONY DAVID ZATKOS, JR
LITE DEPALMA GREENBERG & AFANADOR, LLC
570 BROAD STREET, SUITE 1201
NEWARK, NJ 07102

   *Counsel for County Defendants*

JOHN-PAUL MADDEN, ESQ.
MADDEN & MADDEN
108 KINGS HIGHWAY EAST, SUITE 200

1

```
P.O. BOX 210
HADDONFIELD, NJ 08033-0389
```

*Counsel for Charles Warren and Eugene Caldwell*

```
MARY LOU GARTY
THE GARTY LAW FIRM, LLC
712 EAST MAIN STREET
SUITE 2A
MOORESTOWN, NJ 08057
```

*Counsel for Shane Zanes*

```
MICHAEL L. TESTA, ESQ.
TESTA HECK TESTA & WHITE, PA
424 LANDIS AVENUE
VINELAND, NJ 08360
```

*Counsel for Loren Joynes*

```
WILLIAM J. HUGHES, JR., ESQ.
PORZIO, BROMBERG & NEWMAN, P.C.
100 SOUTHGATE PARKWAY
P.O. BOX 1997
MORRISTOWN, NJ 07962-1997
```

*Special Master*

**HILLMAN**, District Judge

WHEREAS, presently before the Court is the Parties' joint Motion to Seal (ECF 584); and

WHEREAS, it is well-established that there is a "common law public right of access to judicial proceedings on records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir.) (citation omitted); and

WHEREAS, "the strong common law presumption of access must be balanced against the factors militating against access." Id. at 165; and

WHEREAS, when a party files a motion to seal, that party must demonstrate that good cause exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006); and

WHEREAS, a party demonstrates good cause by making a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)); and

WHEREAS, the threshold for sealing is higher where the case involves a public entity or official or a matter of public concern. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 788 (3d Cir. 1994); and

WHEREAS, Local Civil Rule 5.3 requires that the motion to seal must be publicly filed and describe: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2); and

WHEREAS, during the course of this extensive litigation there have been a significant number of documents filed under temporary seal; and

WHEREAS, this Court has undertaken, with the cooperation of the Parties, to resolve which documents should be unsealed and which should be converted to permanent seal; and

WHEREAS, as part of this process, the Honorable Ann Marie Donio, United States Magistrate Judge, issued an Order on October 26, 2023 resolving a Motion to Seal. (ECF 592); and

WHEREAS, this Court subsequently issued an Opinion and Order on November 31, 2023 resolving two additional Motions to Seal (ECF 601 and 602); and

WHEREAS, at a hearing held on January 16, 2024 on the Parties' Motion for Preliminary Approval of Settlement, this Court asked to Parties to review the docket and confirm that all of the sealing questions were resolved (ECF 618); and

WHEREAS, upon conducting this review, the Parties filed a Joint Motion to Seal pursuant to Local Rule 5.3 (ECF 619); and

WHEREAS, this Court commends the Parties for their compliance with the local rule; and

WHEREAS, the Parties identified four filings that remain under temporary seal and unaddressed by the prior sealing Orders, which include ECF 306-1, 405, 560, and 581; and

4

WHEREAS, the Parties agreed that two of these documents should be released to the public record, ECF 306-1 and ECF 581; and

WHEREAS, accordingly ECF 306-1 and 581 will be unsealed; and

WHEREAS, the Parties seek continued seal of ECF 405, which is an August 19, 2022, Letter from Susana Cruz Hodge, Esq. to the Honorable Ann Marie Donio, U.S.M.J., as the Parties explain that it "was filed in error and ordered disregarded" (ECF 619-1 at ¶ 5); and

WHEREAS, because this document was to be disregarded by the Court, it was therefore not relied on during the progress of this case or the resolution of any issue before the Court, and accordingly, there is no public interest in the document.  In addition, inclusion on the public docket of a document filed in error may cause confusion which balances against providing access; and

WHEREAS, accordingly, this Court will grant a permanent seal for ECF 405; and

WHEREAS, the Parties seek continued seal of ECF 560, which includes Exhibits B-Q to Plaintiffs' Motion for Finding County Defendants in Civil Contempt, explaining that it "contain[s] certain materials that include non-public and confidential

5

information related to settlement negotiation and draft Jail policies" (ECF 619-1 at ¶ 6); and

WHEREAS, upon review of this document, the Court confirms the nature of the materials, that is, that it contains emails between counsel and draft policies written in the process of resolving this case; and

WHEREAS, in considering the private interest factor under Local Civil Rule 5.3(c), the Parties have expressed a private interest in maintaining the confidentiality of their settlement discussions and corresponding draft policies written in their efforts to settle this matter and have expressed their interest in maintaining the confidentiality of information that the parties have taken substantial efforts to keep confidential (ECF 619-2 at ¶ 6); and

WHEREAS, the private interest factor therefore weighs in favor of sealing; and

WHEREAS, in considering the public interest factor under Local Civil Rule 5.3(c), this Court notes that while public has an interest in reviewing documents submitted in support of a party's motion, here the Motion that these exhibits relate to was not ultimately decided by the Court, but instead resolved as part of the Parties' global settlement.  As such, the ability to review the details of these draft jail policies would not assist

the public with understanding the Court's analysis in this case; and

WHEREAS, the public interest factor is therefore neutral; and

WHEREAS, turning to the injury factor of Local Civil Rule 5.3(c)(3), the Court may seal information upon a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Securimetrics, Inc. v. Iridian Techs., Inc., No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (quoting Pansy, 23 F.3d at 786); and

WHEREAS, the Parties argue that "because the exhibits are and/or concern draft Jail policies, disclosure could create confusion in the mind of members of the Jail population, as well as the general public, about what policies are actually in place in the Jail" (ECF 619-1 at ¶ 10); and

WHEREAS, this Court notes that the Parties have undergone significant efforts to resolve this case and agree to a policy within Cumberland County Jail that addresses Plaintiffs' constitutional claims and concerns in this case.  Now that the Parties have done so and agreed, the potential confusion of disclosure of the numerous draft policies filed at ECF 560 would undermine the clarity of the agreed upon policy that is in place thanks to the Parties' painstaking efforts to resolve this matter; and

7

WHEREAS, the injury interest factor therefore weighs in favor of sealing; and

WHEREAS, finally, the Court considers under Local Civil Rule 5.3(c) whether less restrictive alternatives are available; and

WHEREAS, the Court finds that there are no less restrictive alternatives given that the documents the Parties have requested to remain sealed consist entirely of draft policies or communications about drafts.  This factor, therefore, supports sealing; and

WHEREAS, this Court finds that balancing the factors under Local Civil Rule 5.3(c), the Parties have met their burden of demonstrating that the proposed documents remain sealed; and

WHEREAS, for these reasons, and for the reasons set out in this Court's November 21, 2023 Opinion addressing similar documents (ECF 601) the Court will grant a permanent seal for ECF 560;

THEREFORE, it is on this 1st  day of February, 2024,

ORDERED that the Motion to Seal be, and the same hereby is, GRANTED; and

IT IS FURTHER ORDERED that the Clerk of the Court shall maintain under seal the materials located at ECF 405 and ECF 560; and

IT IS FURTHER ORDERED that the Clerk of the Court shall unseal ECF 306-1, and ECF 581.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |